THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRED DEVRIES, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   -against-<br><br>MORGAN STANLEY & CO. LLC, f/k/a Morgan Stanley & Co. Incorporated, MORGAN STANLEY SMITH BARNEY LLC, and MORGAN STANLEY,<br><br>              Defendants. | CASE NO.  12-cv-6069<br><br>**Document Filed Electronically** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT <u>FOR THE SOUTHERN DISTRICT OF FLORIDA</u>**

## Table of Contents

Page

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. Plaintiff Fred DeVries' Employment ...................................................................... 2

    B. The Employment of Opt-In Plaintiffs Ruby Teich and Michael Aversano ........... 2

III. ARGUMENT ......................................................................................................................... 3

    A. This Case Should Be Transferred to the Southern District of Florida Pursuant to 28 U.S.C. § 1404(a). ........................................................................... 3

        1. The Southern District Of Florida Is A Proper Forum ................................ 4

        2. The Convenience Factors Weigh In Favor Of Transfer ............................. 5

            a. The Location of Key Witnesses Weighs in Favor of Transfer ................................................................................. 5

            b. The Availability of Process to Compel the Attendance of Unwilling Witnesses Weighs in Favor of Transfer ...................... 9

            c. The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Weighs in Favor of Transfer .............. 9

        3. The Locus Of Operative Facts Weighs In Favor Of Transfer. ................ 10

        4. The Interests of Justice and Trial Efficiency Support Transfer ............... 11

        5. Plaintiff's Choice of Forum Is Not Entitled To Deference ...................... 12

IV. CONCLUSION ................................................................................................................... 14

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Albert Fadem Trust v. Duke Energy Corp.,
   214 F. Supp. 2d 341 (S.D.N.Y. 2002) ................................................................................... 3

Amick v. American Exp. Travel Related Services Co., Inc.,
   No. 09-civ-9780, 2010 WL 307579 (S.D.N.Y. Jan. 26, 2010) ...................................... passim

Berman v. Informix Corp.,
   30 F. Supp. 2d 653 (S.D.N.Y. 1998) ..................................................................................... 5

Brumbelow v. Quality Mills, Inc.,
   462 F.2d 1324 (5th Cir. 1972) ............................................................................................... 6

Bynum v. Nat'l R.R. Passenger Corp.,
   No. 93-civ-06180, 1994 WL 62848 (S.D.N.Y. Feb. 22, 1994) ............................................. 7

Cal. Innovations, Inc. v. Travelers Club Luggage, Inc.,
   No. 06-06482, 2006 WL 2864016 (W.D.N.Y. Oct. 4, 2006) ........................................... 5, 10

City of Pontiac Gen. Employees' Retirement Sys. v. Stryker Corp.,
   No. 10-civ-376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010) ............................................. 4

Clesi v. Zinc Corp. of Am.,
   No. 00-civ-6786, 2001 WL 1223456 (S.D.N.Y. Mar. 6, 2001) ............................................ 6

Colida v. Panasonic Corp. of N. Am.,
   No. 05 Civ. 5791, 2005 WL 3046298 (S.D.N.Y. Nov. 10, 2005) ........................................ 12

Commercial Solvents Corp. v. Liberty Mut. Ins. Co.,
   371 F. Supp. 247 (S.D.N.Y. 1974) ........................................................................................ 9

D.H. Blair & Co., Inc. v. Gottdiener,
   462 F.3d 95 (2d Cir. 2006) .................................................................................................... 3

Deshoulieres, S.A. v. Cuthbertson Imports, Inc.,
   No. 06-civ-5163, 2006 WL 2849818 (S.D.N.Y. Oct. 3, 2006) ............................................. 7

Foster v. Nationwide Mut. Ins. Co.,
   2007 WL 4410408 (N.D.Cal. Dec. 14, 2007) ..................................................................... 13

GE Capital Franchise Corp. v. Cosentino,
   No. 08-civ-202S, 2009 WL 1812821 (W.D.N.Y. 2009) ....................................................... 7

## TABLE OF AUTHORITIES
(continued)

Page

Hoffman v. Blaski,
    363 U.S. 335 (1960)..................................................................................................4

In re Saltire Indus., Inc.,
    No. 07-civ-3622, 2007 WL 1815450 (S.D.N.Y. June 22, 2007)................................3

In re Stillwater Mining Co. Sec. Litig.,
    No. 02-civ-2806, 2003 WL 21087953 (S.D.N.Y. May 12, 2003)..............................9

Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.,
    419 F. Supp. 2d 395 (S.D.N.Y. 2005)....................................................................4, 5

Joza v. WW JFK, LLC,
    2010 WL 3619551 (E.D.N.Y. Sept. 10, 2010) .........................................................6

Manao Invs. v. Stouts Brunswick Assocs. Ltd. P'ship,
    No. 96-civ-7100, 1997 WL 53200 (S.D.N.Y. Feb. 10, 1992) .................................10

Mastercard Int'l Inc. v. Lexcel Solutions, Inc.,
    No. 03-civ-7157, 2004 WL 1368299 (S.D.N.Y. June 16, 2004)...............................3

Montgomery v. Tap Enters., Inc.,
    No. 06-cv-05799, 2007 WL 576128 (S.D.N.Y. Feb. 26, 2007) ..............................14

Morris v. Ernst & Young, LLP,
    2012 WL 3964744 (S.D.N.Y. Sept. 11, 2012).........................................8, 10, 11, 14

Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,
    85 F. Supp. 2d 282 (S.D.N.Y. 2000).......................................................................11

Ravenswood Inv. Co. v. Bishop Capital Corp.,
    No. 04-civ-9266, 2005 WL 236440 (S.D.N.Y. Feb. 1, 2005) .................................10

Rindfleisch v. Gentiva Health Sys., Inc.,
    752 F. Supp. 2d 246 (E.D.N.Y. 2010) ....................................................................13

Saminsky v. Occidental Petro. Corp.,
    373 F. Supp. 257 (S.D.N.Y. 1974)..........................................................................10

Singh v. City of New York,
    418 F. Supp. 2d 390 (S.D.N.Y. 2005)......................................................................6

Singh v. City of New York,
    524 F.3d 361 (2d Cir. 2005).....................................................................................6

## TABLE OF AUTHORITIES
(continued)

Page

Topolnycky v. Ukrainian Savings & Loan Ass'n,
    No. 90-878, 1991 WL 117397 (W.D.N.Y. June 12, 1991)..........................................................9

Unique Indus., Inc. v. Lisa Frank, Inc.,
    No. 93-civ-08037, 1994 WL 525041 (S.D.N.Y. Sept. 23, 1994) .........................................4, 13

Van Dusen v. Barrack,
    376 U.S. 612 (1964)................................................................................................................3

Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.,
    774 F. Supp. 858 (S.D.N.Y. 1991)..........................................................................................4

White v. Osmose, Inc.,
    204 F. Supp. 2d 1309 (M.D. Ala. 2002) .................................................................................6

Zokaites v. Land-Cellular Corp.,
    424 F. Supp. 2d 824 (W.D. Pa. 2006)...................................................................................12

ZPC 2000, Inc. v. SCA Group, Inc.,
    86 F. Supp. 2d 274 (S.D.N.Y. 2000).....................................................................................10

**STATUTES**

28 U.S.C. § 1391(b) ..............................................................................................................................4

28 U.S.C. § 1404(a) ....................................................................................................................3, 4, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 45(b)(2).......................................................................................................................9

Fed. R. Civ. P. 45(c)(3).......................................................................................................................9

Fed. R. Civ. P.45(e) ............................................................................................................................9

Defendants Morgan Stanley & Co. LLC, Morgan Stanley, and Morgan Stanley Smith Barney LLC ("MSSB") (collectively, "Defendants") hereby submit this memorandum in support of their application to transfer this action.

## I.   INTRODUCTION

Plaintiff Fred DeVries, a former Financial Advisor Associate ("FAA") in MSSB's Boca Raton-Military Trail branch, initiated this case by asserting a single cause of action for overtime under the Fair Labor Standards Act ("FLSA"). DeVries' claim for overtime relates solely to his work for MSSB in its Boca Raton-Military Trail branch, which is located in Palm Beach County, Florida. DeVries never worked for MSSB in New York and he retained counsel in Boca Raton, Florida—the same town in which he worked and resides. Yet, rather than file this lawsuit in the Southern District of Florida—where it clearly belongs, and which Court is close to the Boca Raton branch—he and his counsel filed this case over 1,000 miles away in the Southern District of New York.

Since the filing of this action, two individuals have filed consent forms seeking to join this case (the "Opt-In Plaintiffs") – both of whom also worked for MSSB exclusively within the Southern District of Florida and continue to reside there. The only plausible explanation for why DeVries, the purported Opt-In Plaintiffs, and their counsel would put themselves to such an inconvenience is that they are engaging in forum shopping.

The Southern District of Florida is clearly a proper forum for this dispute, and is unquestionably the most convenient jurisdiction given the location of the witnesses and documents that will be central to the overtime claims of the Plaintiff and the purported Opt-ins for the work they claim they performed in their Florida branches. There is no material connection to this district, and there can be no possible argument that DeVries or the Opt-In Plaintiffs would suffer any hardship or even inconvenience because of transfer. To the contrary,

maintaining this action in New York is a hardship and inconvenience to them.  As such, the Defendants respectfully request that this case be transferred to the Southern District of Florida.

## II.  FACTUAL BACKGROUND

### A.  Plaintiff Fred DeVries' Employment

MSSB employed DeVries as a pre-production FAA in its Boca Raton-Military Trail branch from May 16, 2011 to October 31, 2011.  See Declaration of Erin Lloyd ¶ 3("Lloyd Decl.").[1]  DeVries alleges that during his pre-production FAA training period, he regularly worked more than 40 hours per week, but was directed not to properly record his time and thus was not paid overtime compensation as required by the FLSA.  See Complaint ¶¶ 6-8, 10.  According to MSSB's records, DeVries resides in Boca Raton, Florida.  See Lloyd Decl. ¶ 4.  Boca Raton is in Palm Beach County, which lies within the Southern District of Florida.

### B.  The Employment of Opt-In Plaintiffs Ruby Teich and Michael Aversano

Two individuals, Ruby Teich and Michael Aversano, have filed Consents to Join in this case.  See Docket Nos. 3 & 4.  Defendants dispute that Teich and Aversano can properly join this case for a variety of reasons, and no determination has been made that they may do so.  In any event, both Teich and Aversano also worked exclusively for MSSB within the Southern District of Florida and reside there too.  See Lloyd Decl. ¶¶ 8-9, 13-14.  Specifically, Ruby Teich was employed by MSSB in the Boca Raton-Military Trail branch as a pre-production FAA from August 8, 2011 to December 31, 2011.  See Lloyd Decl. ¶ 13.  Teich also resides in Boca Raton, Florida.  See Lloyd Decl. ¶ 14.  Michael Aversano was employed by MSSB in the Aventura, Florida branch as a pre-production FAA from June 14, 2010 to November 9, 2010.  See Lloyd Decl. ¶ 8.  Aversano resides in North Miami Beach.  See Lloyd Decl. ¶ 9.  Both Aventura and

---

[1]  The Lloyd Declaration is attached as Exhibit A to the Declaration of Michelle Seldin Silverman, Esq. ("Silverman Decl.").

North Miami Beach are located in Miami-Dade County, which lies within the Southern District of Florida.

### III. ARGUMENT

#### A. This Case Should Be Transferred to the Southern District of Florida Pursuant to 28 U.S.C. § 1404(a).

Defendants respectfully request that the Court transfer this action to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) vests a district court with broad authority to transfer an action to a more appropriate district for the convenience of parties and witnesses and in the interest of justice, provided that the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a); D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). The primary goal of Section 1404(a) is to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Mastercard Int'l Inc. v. Lexcel Solutions, Inc., No. 03-civ-7157, 2004 WL 1368299, at *5 (S.D.N.Y. June 16, 2004) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).

In applying the flexible standard governing transfer, courts within the Second Circuit focus on a variety of relevant factors, including:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

See D.H. Blair & Co, 462 F.3d at 106-7 (2d Cir. 2006); Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002); see also In re Saltire Indus., Inc., No. 07-civ-3622, 2007 WL 1815450 (S.D.N.Y. June 22, 2007) (transferring action because this District was inconvenient to the real parties in interest and the witnesses, while the Middle District of Tennessee was convenient to all involved except the Liquidating Trustee). Another significant

factor that figures centrally in the decision whether to grant a motion to transfer venue is the policy of discouraging forum shopping by the plaintiff.  See Unique Indus., Inc. v. Lisa Frank, Inc., No. 93-civ-08037, 1994 WL 525041, at *2 (S.D.N.Y. Sept. 23, 1994) (discouragement of forum shopping is an important interest to be considered).

There is no rigid formula for balancing these factors and no single one is determinative.  Nevertheless, the core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses.  Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005); Viacom Int'l, Inc. v. Melvin Simon Prods., Inc., 774 F. Supp. 858, 868 (S.D.N.Y. 1991) (courts "routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district").

### 1. The Southern District Of Florida Is A Proper Forum.

Because Section 1404(a) permits a district court to transfer a civil action "to any other district or division where it might have been brought in the first instance," the threshold inquiry must be whether Plaintiff DeVries could have brought this case in the Southern District of Florida.  28 U.S.C. § 1404(a); Hoffman v. Blaski, 363 U.S. 335, 336 (1960); City of Pontiac Gen. Employees' Retirement Sys. v. Stryker Corp., No. 10-civ-376, 2010 WL 2035130, at *3 (S.D.N.Y. May 21, 2010).  DeVries seeks overtime for the work he performed in MSSB's Boca Raton-Military Trail branch, which lies within the Southern District of Florida.  See Lloyd Decl. ¶ 3.  DeVries also resides in Boca Raton.  See Lloyd Decl. ¶ 4.  As such, MSSB and DeVries are both subject to personal jurisdiction in the Southern District of Florida relating to this case, and a substantial part of the events underlying DeVries' claim—indeed, all of them—occurred within that district.  Thus, DeVries could have brought this case in the Southern District of Florida.  28 U.S.C. § 1391(b) (venue is proper where the defendant resides (i.e., is subject to personal jurisdiction) or where a substantial part of the events underlying the cause of action arose).

### 2. The Convenience Factors Weigh In Favor Of Transfer.

#### a. The Location of Key Witnesses Weighs in Favor of Transfer.

The Court should transfer venue because the witnesses necessary to support or refute both DeVries' claims and those of the Opt-In Plaintiffs are located in the Southern District of Florida. Convenience of the witnesses is "probably the single-most important factor in the analysis of whether transfer should be granted." Berman v. Informix Corp., 30 F. Supp. 2d 653 (S.D.N.Y. 1998); Indian Harbor Ins. Co., 419 F. Supp. 2d at 402 ("To determine whether transfer is appropriate, the Court looks to the 'center of gravity of the litigation,' as judged primarily by the convenience of witnesses."). Consequently, courts routinely transfer cases where the testimonial evidence necessary to the proof and defense of the operative facts underlying the plaintiff's claim is located in the transferee forum. See, e.g., Cal. Innovations, Inc. v. Travelers Club Luggage, Inc., No. 06-06482, 2006 WL 2864016, at *6-7 (W.D.N.Y. Oct. 4, 2006) (transferring to the Central District of California, where witnesses, documents, and proof relative to plaintiff's claims were located).

DeVries and the Opt-In Plaintiffs were all eligible for overtime under MSSB's policies during their initial training as pre-production FAAs at MSSB, and they and their managers were required to ensure that their time records accurately reflected all time worked. See Lloyd Decl. ¶ 15. DeVries claims that, during this period, he worked in excess of 40 hours per week and, despite MSSB's policies to the contrary, he was told not to record his overtime hours and/or directed to record only his scheduled hours, and not the time that he actually worked. See Complaint ¶¶ 6, 10. In other words, DeVries alleges that he and his local managers violated MSSB's policies requiring that DeVries record and be paid for all time worked. As such, whether DeVries is owed any additional amounts under the FLSA will require a determination of

the number of hours he worked each workweek, whether he recorded and was paid for that time,[2] whether DeVries was directed to perform such work,[3] whether and to what extent DeVries was paid overtime,[4] whether the alleged uncompensated work during each workweek was compensable under the applicable standards,[5] and whether DeVries' local manager knew or had reason to know that he had engaged in compensable work without recording and being paid for it.[6] The likely witnesses who could testify as to these issues include DeVries, his former local managers (Alyssa Rakovich, Tom Bevan, and Dan Price) and possibly others in the Boca Raton-Military Trail branch, all located in the Southern District of Florida. See Lloyd Decl. ¶¶ 3-7.

Having to litigate DeVries' case in New York would significantly inconvenience these witnesses, who should not be burdened with traveling to New York to litigate this Florida dispute. Clesi v. Zinc Corp. of Am., No. 00-civ-6786, 2001 WL 1223456, at *6 (S.D.N.Y. Mar. 6, 2001) (transferring action to the Northern District of New York, noting that inconvenience to the witnesses and the cost to the party subpoenaing them would be greater if transfer were not granted). By contrast, the Southern District of Florida's courthouse in West Palm Beach, Florida is less than 28 miles from MSSB's Boca Raton-Military Trail branch. Because litigating this case in the Southern District of Florida would allow key witnesses to testify without requiring

---

[2] Joza v. WW JFK, LLC, 2010 WL 3619551, at *7 (E.D.N.Y. Sept. 10, 2010) (denying overtime claims in part because employee failed to record her time on time records).

[3] Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972) (affirming dismissal of off-the-clock claim where plaintiff was not directed to perform work off-the-clock, though she was directed to complete duties).

[4] White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) ("Because [the employer] did in fact pay some overtime, it is likely that any particular [off-the-clock] claim will require specific, individualized proof as to any hours that [employer] refused to pay.").

[5] Singh v. City of New York, 524 F.3d 361, 364 (2d Cir. 2005) (Sotomayor, J.) (affirming summary judgment for defendant because work time was "de minimis as a matter of law and thus not compensable under the FLSA").

[6] Singh v. City of New York, 418 F. Supp. 2d 390, 397 (S.D.N.Y. 2005) (fact finder must determine "how much of that time was spent with the employer's actual or constructive knowledge"), aff'd, Singh, 524 F.3d at 367 (recognizing that preliminary and postliminary activities are not compensable).

them to travel long distances and without causing major disruption in their lives or the lives of their families (or substantial cost to either party), this factor weighs heavily in favor of transfer.

The same holds true for the Opt-In Plaintiffs, both of whom worked and reside within the Southern District of Florida. See Lloyd Decl. ¶¶ 8-9, 13-14. All but one of the witnesses knowledgeable about their claims – Rakovich, Price, Aversano's managers Brachfeld and Duford, and possibly others from their branches – live and work in and around Palm Beach and Miami-Dade Counties. See Lloyd Decl. ¶¶ 5, 7, 9-10, 13. The only one that does not currently live in the Southern District is Aversano's manager, Robin Hogan, who lived in the Southern District of Florida but has relocated to North Carolina, almost 500 miles from this District. See Lloyd Decl. ¶ 11. All of these individuals would be inconvenienced by having to litigate these claims in New York. See GE Capital Franchise Corp. v. Cosentino, No. 08-civ-202S, 2009 WL 1812821 (W.D.N.Y. 2009) (noting that the convenience of the witnesses and parties weighed in favor of transfer where the primary witness lived Florida – the proposed transferee forum – and the Arizona plaintiff would have to travel regardless of whether the case were venued in New York or Florida).

Critically, neither DeVries nor the Opt-In Plaintiffs—all of whom live and worked in the Southern District of Florida— can possibly claim that litigating this case there would cause them an undue hardship or inconvenience. See, e.g., Bynum v. Nat'l R.R. Passenger Corp., No. 93-civ-06180, 1994 WL 62848, at *3 (S.D.N.Y. Feb. 22, 1994) ("Since plaintiff resides in New Jersey, he cannot claim that transferring the action to New Jersey would cause undue hardship."); see also Deshoulieres, S.A. v. Cuthbertson Imports, Inc., No. 06-civ-5163, 2006 WL 2849818, at *3 (S.D.N.Y. Oct. 3, 2006) ("the forum-selection clause contracted to by Plaintiff ... undercuts its

argument that Connecticut would be an inconvenient forum in which to litigate"). Moreover, all three have retained Florida counsel to represent them in this matter.

This Court has transferred cases under circumstances similar to those in this case – where workers from distant venues have filed putative nationwide FLSA collective actions in this district because the defendant's headquarters, where allegedly the unlawful compensation policy was crafted, reside in this district. Just this week, in Morris v. Ernst & Young, LLP, 2012 WL 3964744 (S.D.N.Y. Sept. 11, 2012), Judge Wood granted a motion to transfer a putative FLSA collective action and California class action from this district – where the defendant's headquarters are located – to California – where the plaintiffs worked. Judge Wood rejected the argument that the plaintiffs' "FLSA claim turns on nationwide policies that were likely adopted at E&Y's headquarters in New York," and found instead that "it is well established that courts must evaluate FLSA exemptions based on the duties that the employees actually performed," which "is more likely to come from California-based witnesses who actually observed Plaintiffs at work, rather than witnesses from corporate headquarters. Id. at *4 (emphasis in original).

Similarly, in Amick v. American Exp. Travel Related Services Co., Inc., No. 09-civ-9780, 2010 WL 307579 at *2 (S.D.N.Y. Jan. 26, 2010), Judge Hellerstein transferred a putative nationwide FLSA collective action and North Carolina class action to the Middle District of North Carolina, and rejected the argument by plaintiff that transfer should be denied because "an illegal compensation scheme was developed in New York," finding instead that the alleged overtime violations occurred where the plaintiff worked, and the likely witnesses were in that location. Id. at *2.

b.   **The Availability of Process to Compel the Attendance of Unwilling Witnesses Weighs in Favor of Transfer.**

Another factor favoring transfer is the limitation on the subpoena power of federal courts. See Fed. R. Civ. P. 45(b)(2), (c)(3) & (e) (limiting the subpoena power of federal courts to within 100 miles of the place of trial).  Unlike this Court, the Southern District of Florida would have the ability to compel all or most of the witnesses the parties would be likely call to testify at trial concerning the claims of both DeVries and the Opt-In Plaintiffs, including their direct supervisors and others from the Boca Raton-Military Trail and Aventura branches.  See, e.g., Amick, 2010 WL 307579, at *2; Commercial Solvents Corp. v. Liberty Mut. Ins. Co., 371 F. Supp. 247, 250 (S.D.N.Y. 1974) (courts generally transfer cases when important witnesses cannot be compelled to testify in the forum, but could be subpoenaed in the transferee court); Topolnycky v. Ukrainian Savings & Loan Ass'n, No. 90-878, 1991 WL 117397, at *6-7 (W.D.N.Y. June 12, 1991) (granting transfer, in part, because transferee court would be able to compel attendance of non-party witnesses).  The Southern District of Florida will have the ability to compel the appearance of more non-party witnesses than would this Court, which weighs in favor of transferring this case.

c.   **The Location of Relevant Documents and Relative Ease of Access to Sources of Proof Weighs in Favor of Transfer.**

Further weighing in favor of transfer is the fact that the relevant records concerning DeVries' employment and job duties (as well as those of purported Opt-Ins Teich and Aversano) are located in Florida.  Any supervisor files or other documents created by all three and their supervisors would be accessible from the Florida locations where each worked.  See Lloyd Decl. ¶ 16. Although courts put somewhat less emphasis these days on the location of records due to the feasibility of transporting them, to the extent this factor is considered, it weighs in favor of transfer.  See In re Stillwater Mining Co. Sec. Litig., No. 02-civ-2806, 2003 WL 21087953, at *5

(S.D.N.Y. May 12, 2003) (the fact that the documents are all currently located in the transferee district favors transfer); Ravenswood Inv. Co. v. Bishop Capital Corp., No. 04-civ-9266, 2005 WL 236440, at *6 (S.D.N.Y. Feb. 1, 2005) (superior access to documents is a factor that weighs in favor of transfer).

### 3. The Locus Of Operative Facts Weighs In Favor Of Transfer.

The core determination under Section 1404(a) is the "center of gravity of the litigation." Saminsky v. Occidental Petro. Corp., 373 F. Supp. 257, 257 (S.D.N.Y. 1974); ZPC 2000, Inc. v. SCA Group, Inc., 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000) (location of operative events is a 'primary factor' in determining a motion to transfer venue). This case centers on the Plaintiff's (and possibly the Opt-In Plaintiffs') hours of work, work performed in that branch, time recording for his work in that branch, and interactions with his local manager. For both DeVries and the Opt-In Plaintiffs, the Southern District of Florida is the center of the litigation.

The lack of any material connection to this district is a deficiency that militates towards transferring this case. See Manao Invs. v. Stouts Brunswick Assocs. Ltd. P'ship, No. 96-civ-7100, 1997 WL 53200, at *2 (S.D.N.Y. Feb. 10, 1992) ("Where there is no material connection between the district and the operative facts, . . . the interests of justice require the transfer of [the] action."); Cal. Innovations, 2006 WL 2864016, at *7 (transferring venue because, "[o]ther than home forum, the Court finds a total absence of any factor to warrant litigation" in the Western District).

Plaintiff undoubtedly will attempt to support his effort to venue this case in New York because New York is the headquarters of the Defendants. This argument has already been rejected by this Court in the Morris and Amick cases discussed above. Individuals at Defendants' headquarters would not have any knowledge about the daily activities of individual FAAs in Florida, what work they performed, whether they recorded and were paid for all time

DB1/ 71070563.4

10

worked, or what individual managers may have known about Plaintiff's and the Opt-ins' compensation for all time worked. It is the policy of MSSB (and Morgan Stanley before that) that workers who are eligible for overtime under the firm's policies (like the FAAs) are required to record all time worked, and be paid for all time worked. See Lloyd Decl. ¶ 15. Plaintiff alleges that he and, possibly, his local manager violated those policies and he did not record all time worked. See Morris v. Ernst & Young, 2012 WL 3964744 ("[B]ecause each of Plaintiffs' claims will turn, in part, on Plaintiffs' actual duties while at E&Y's California offices, this Court finds that the primary locus of operative facts favors transfer."); Amick, 2010 WL 307579, at *2 (North Carolina was the "center of gravity for the litigation" because plaintiff worked there "throughout his entire term of employment").

The fact that Plaintiff seeks to proceed as a collective action on behalf of FAAs nationwide does not change this analysis. There has been no motion or decision whether this case may proceed as a collective action, if the Court denies Plaintiff's request to proceed as a collective action, then his individual claim will plainly be in the most convenient forum – the district embracing the branch where he worked. In the unlikely event that the Court grants Plaintiff's request, the Southern District of Florida is as capable as this Court is of managing the action and the claims from those spread throughout the nation.

### 4.   The Interests of Justice and Trial Efficiency Support Transfer.

Public interest factors influencing the interests of justice also favor transfer in this case. See, e.g., Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 306 (S.D.N.Y. 2000) (noting that the interest in avoiding the unfair imposition of jury duty on citizens of an unrelated forum weighed against the Southern District of New York). The named Plaintiff and both Opt-In Plaintiffs live and worked in Florida, and none of them lives or worked in New York. See Lloyd Decl. ¶ 3-4, 8-9, 13-14, 17. Their claims should be resolved by a

Florida court.  This Court and the people of New York should not be burdened with expending the time and resources to adjudicate this Florida-based dispute.

The Southern District of New York is "one of the busiest courts in the nation," the "retention of a case such as this, with only minimal connections to New York, would not serve the interest of justice, and would only 'delay adjudication of other cases brought by parties who are compelled to sue [here].'"  Colida v. Panasonic Corp. of N. Am., No. 05 Civ. 5791, 2005 WL 3046298, *4 (S.D.N.Y. Nov. 10, 2005) (citation omitted).  This case likely will progress more quickly in the Southern District of Florida.  As of March 31, 2011, there were 23,475 pending civil litigations in this District and the median time to trial was 29.9 months.  See Silverman Decl. at ¶¶ 3, 5.  In contrast, the Southern District of Florida had a docket of only 4,462 pending civil litigations, and was able to move cases to trial at a median pace of 14.8 months.  Id. at ¶¶ 4, 6.

Moreover, Plaintiff and the Opt-In Plaintiffs have asserted only federal claims under the FLSA.  There can be no argument that this Court is more familiar with the issues of federal law than the Southern District of Florida.  Finally, because of the very short time that this action has been on this Court's docket, and the lack of any formal development of the record, a transfer will not disrupt the litigation, result in a waste of judicial resources or prejudice Plaintiff or the purported Opt-Ins.  See Zokaites v. Land-Cellular Corp., 424 F. Supp. 2d 824, 841 (W.D. Pa. 2006) (granting transfer, noting lack of a developed record and short period of pendency).

### 5. Plaintiff's Choice of Forum Is Not Entitled To Deference.

Typically, a plaintiff's choice of forum in non-class or collective actions is given some deference when challenged through a motion to transfer because it is presumed that the plaintiff's place of residence is a more convenient place for the plaintiff to litigate the action.  Here, however, Plaintiff's forum choice is not entitled to deference for several reasons.

First, Plaintiff lives more than a thousand miles from New York (as do both Opt-In Plaintiffs), and has not filed in his home district, or a district where the operative facts for his claims (and the claims of both Opt-In Plaintiffs) are centered.  See Amick, 2010 WL 307579 at *2 (transferring putative nationwide FLSA collective action to Middle District of North Carolina, finding that plaintiff's choice of New York forum was entitled to diminished deference despite plaintiff's argument that this district was the location of the defendant's headquarters and where the allegedly unlawful compensation policy was crafted); Rindfleisch v. Gentiva Health Sys., Inc., 752 F. Supp. 2d 246, 262 (E.D.N.Y. 2010) ("the deference that typically would be owed to plaintiffs' choice of forum is significantly diminished in this case because plaintiffs do not reside in this District and this District has little or no connection to the operative facts in this case").

In addition, DeVries' decision not to initially file this case in the Court located just a short distance from where he worked and resides, and instead to file in a Court well over 1,000 miles away, raises the concern that he is simply forum shopping, which the Court should not reward.  See Unique Indus., Inc., 1994 WL 525041, at *2; see also Rindfleisch, 752 F. Supp. 2d at 252 ("plaintiffs' choice of forum should be afforded minimal deference here, given that plaintiffs' actions—seeking to try this case in a District in which plaintiffs neither reside nor work—suggest that they may simply be forum shopping.") (citing Foster v. Nationwide Mut. Ins. Co., 2007 WL 4410408, at *3 (N.D.Cal. Dec. 14, 2007) ("[F]orum shopping can be inferred here based on plaintiffs' apparent eagerness to have their case…[in a district other than] where the lead plaintiffs reside. Therefore, the Court will accord no deference to plaintiffs' choice of forum.")).

In addition, Plaintiff's choice of forum is not entitled to deference because he seeks to proceed as a putative collective action and join the claims of individuals scattered across the

country, although it has not been determined whether he may do so.  Morris, 2012 WL 3964744, *6-7 (granting motion to transfer a putative nationwide FLSA collective action and finding "the weight to be given to Plaintiffs' choice for forum is at best neutral" in part because, "to the extent that an action involves plaintiffs who are scattered throughout the country, the choice of a particular forum carries less weight") (quotation omitted).  See also Montgomery v. Tap Enters., Inc., No. 06-cv-05799, 2007 WL 576128, at *4 (S.D.N.Y. Feb. 26, 2007) (Baer, J.) (granting transfer and noting that plaintiff's choice of forum in putative FLSA collective action was entitled to less deference: "In any case, whether plaintiffs 'opt-in' or 'opt-out' seems secondary to the ultimate convenience (or inconvenience) of the forum to the parties and witnesses involved.").

## IV.   CONCLUSION

For all of the reasons set forth herein, Defendants respectfully request that the Court transfer this case to the Southern District of Florida, which is the most convenient jurisdiction for this case given the location of the witnesses and documents that will be central to not only Plaintiff's claims for unpaid overtime, but also those of both purported Opt-Ins.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated:  September 14, 2012         By:  s/ Michelle Seldin Silverman
    Thomas A. Linthorst
    Michelle S. Silverman
    101 Park Avenue
    New York, NY  10178
    (212) 309-6000; (212) 309-6001 fax
    tlinthorst@morganlewis.com
    msilverman@morganlewis.com
    *Attorneys for Defendants*